O



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG 24 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MARK S. JOHANSON,                ) Case No. SACV 10-1598 RNB
        Plaintiff,             )
        vs.                    ) ORDER AFFIRMING DECISION OF
                               ) COMMISSIONER
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
        Defendant.             )
                               )

        The Court now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation.[1]

        Based on its review of Dr. Rath's administrative hearing testimony, the Court rejects plaintiff's contention that the Administrative Law Judge ("ALJ") erred in

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

failing to fully credit Dr. Rath's opinions regarding plaintiff's mental limitations in the absence of substance abuse. Rather, the Court finds that the ALJ's residual functional capacity ("RFC") is consistent with Dr. Rath's opinions. Specifically, the Court finds that the ALJ's preclusion of intense interpersonal interaction (see AR 16) comports with Dr. Rath's testimony, on cross-examination, regarding plaintiff's prospective problems with co-workers, if plaintiff perceived he was being disrespected. (See AR 113-14, 116.)

The Court further finds that, because the hypothetical posited to the vocational expert comported with the limitations that the ALJ found to exist (compare AR 16 with AR 122), and because the vocational expert testified that such a person was capable of performing jobs that existed in the regional and national economies (see AR 123-24), the ALJ did not err in finding that plaintiff's substance abuse was a contributing factor material to the determination of his disability. See 20 C.F.R. §§ 404.1535, 416.935; see also Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (holding that "the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability").

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: August 23, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE